HOUSTON DOOLEY v. MOBILE & OHIO RAILROAD CO.

1. RAILROADS. *Injury to person on track. Contributory negligence.*

   One on a railroad-track, not at a crossing or other place where he has a right to be, and when he can escape hurt by the exercise of slight attention, cannot recover of the railroad company for personal injuries caused while properly running its cars, unless such injuries are wilfully or wantonly inflicted.

2. SAME. *Injured person improperly on track. Duty of employes.*

   A railroad company has a right to expect an unobstructed track, and, in operating trains in the due course of its business, it owes no duty to an inattentive person on the track, not at a crossing or other place where he has a right to be, except not to inflict injury upon him wilfully or wantonly after he is seen by the employes in a position of danger.

3. SAME. *Injured person not seen. Contributory negligence. Case.*

   Plaintiff, a simple-minded youth about nineteen years old, as a spectator, was with a crowd at a depot, when a local freight-train arrived. The locomotive and a box-car were detached, and moved forward beyond a switch, and the car, with brakes and a brakeman, was pushed or "kicked" in on the side-track, and by its momentum it rolled back slowly, striking and injuring plaintiff, who was standing on the edge of the side-track at a point where spectators or passengers were not invited to go or stand. There was no obstruction, and no warning was given, the brakeman not seeing him. It was due to plaintiff's inattention that he did not see or hear the car, and step off the track. *Held*, that he could not recover.

FROM the circuit court of Noxubee county.
HON. S. H. TERRAL, Judge.

Action by appellant against the Mobile & Ohio Railroad Company for injuries received through the alleged carelessness and gross negligence of defendant's servants. The injury occurred at Brooksville, Miss., about twelve o'clock in the day. At the place where the injury occurred, there is a side-track on either side of the main line, which runs north and south.

The depot is just east of the east side-track.    Trains always
stop for passengers on the main line.    Persons were in the,
habit of congregating at the depot on the arrival of trains.
On the day in question, the local freight-train, going south,
had arrived, and thirty or forty persons, including plaintiff,
were upon the space between the main line and east side-
track.    Some of these persons were there for the purpose of
getting on the train.    The caboose or rear car, used by pas-
sengers, was about two hundred yards north of the crowd.
While the train was standing there, the locomotive and a.
box-car were cut loose at the south end of the train, and
went south below the switch, which was opened, and the car
was pushed or "kicked" in upon the side-track, and allowed
to roll north by the momentum which had been given it by
the locomotive.    There was a brake at each end of the car,
and a brakeman was on top of it.    There was no obstruction
of his view north, but he was looking east, towards the town,
and did not see the plaintiff and another, who were standing
on the west edge of the side-track.    No whistle was blown
or bell rung, or other warning given of the approach of the
car, and it was not noticed until very near plaintiff, and he
did not observe the danger until he was struck.    The car ran
over, and badly injured him.    He was simple-minded, having
just sense enough to do plain work when directed.    There
was nothing to prevent his seeing the car, or to deter him
from stepping off the cross-ties, if he had observed the
danger.

The court gave a peremptory instruction in favor of the
defendant, and judgment was entered accordingly, from which
plaintiff appeals.    The opinion contains a further statement
of the case.

*A. C. Bogle*, for appellant.

Dooley was not a trespasser upon the tracks.    *LeMay v.
Railway Co.*, 16 S. W. Rep., 1049.

He and others were about the depot, where they had a right

to be, and where persons were in the habit of congregating, and where passengers went to get on the trains, yet the trainmen, without any warning, deliberately ran a box-car into the crowd, with no one in a position to see what was in the way. This was gross carelessness.

Aside from the testimony, the statute makes the fact of injury *prima facie* evidence of negligence. Code 1880, § 1059. Under this statute, the burden of proof was on the defendant to show that there was no want of care. Whether it met this burden or not was a question of fact for the jury. It does not appear what the plaintiff was at the depot for, and the presumption cannot be indulged that he was wrongfully there. He was not guilty of carelessness. He was there with others, and it is absurd to argue that the forty or fifty persons were recklessly and carelessly there.


*A. J. Russell*, for appellee.

There was nothing to prevent the plaintiff from seeing and hearing the cars, and nothing to prevent him from leaving the track. As plaintiff's negligence contributed efficiently and proximately to the injury complained of, he cannot recover. *Railroad Co.* v. *McGowan*, 62 Miss., 682.

When a person is on a railroad-track, he must see and hear and get out of the way of passing trains if there is nothing to prevent him from doing so. See *Railroad Co.* v. *Stroud*, 64 Miss., 784.

The inevitable conclusion from the evidence is, that the plaintiff was at a place of danger where he had no right to be and where there was nothing to prevent him from seeing and hearing and getting off the track. His own negligence precludes a recovery. *Harlan* v. *Railroad Co.*, 64 Mo., 480.


Orally argued by *A. C. Bogle*, for appellant, and *A. J. Russell*, for appellee.

WOODS, J., delivered the opinion of the court.

Houston Dooley, a youth of the age of nineteen years, when he received the deplorable injuries of which he complains, was gratifying an empty curiosity at a place where he had no right to be. The railroad servants were only bound not to inflict wilful or wanton hurt upon him. The appellee was using its side-track, on the end of one of the cross-ties of which the appellant was standing, to set in a freight-car thereon for convenient unloading of its contents at the door of the depot used for that purpose, and, from the impact of this slowly rolling car, the appellant might and could have easily escaped if he had paid the slightest attention to his situation and to the danger of standing on or near a track being used for setting in thereon a car.

This was no flying-switch made over highways or crossings, or at a point where spectators, or even persons desiring to embark on appellees' trains, were invited to go or stand. It was the setting in upon a side-track, of a car, and permitting it to roll by its own momentum at the rate of two or three miles an hour, over a line to which the railroad company had exclusive right of occupancy and use, and under the control of a brakeman with proper appliances for stopping it at its destination or elsewhere, if made sensible of the necessity of so doing.

It is the plain and painful case of an inattentive person using the track of a railway where he had no right to be, and where the company had a right to expect an unobstructed way at all times, and in such manner as to absolve others from all liability for any injury—short of wilful and wanton hurt—that may occur.

The appellee owed the appellant no duty until he was seen by its servant in charge of the moving car, and, indisputably, the brakeman never saw the unhappy youth until he was taken, crushed and mangled, from under the trucks.

The record presents a pitiful case, which appeals powerfully to the sympathies of men; but, to reverse this judgment

and remand the cause with the view to permitting the appellant to secure a recovery against the railroad company, would amount to an invitation to legalized spoliation.

*Affirmed.*