WILLIAM DRIVER v. SOUTHERN RAILWAY COMPANY.

[46 South. 824.]

1. RAILROADS. *Master and servant. Flying or kicking switch. Code 1906, § 4046. Contributory negligence. When no defense.*

   Under Code 1906, § 4046, providing that mere contributory negligence shall not be a defense to an action against a railroad company for damages resulting from a "flying" or "kicking," etc., switch, made in a municipality, an action against a railway company by an employe, injured by a "kicking" switch, made by others in a municipality, whilst plaintiff was performing his duty between stationary cars in defendant's yard, adjusting couplings, by order of a foreman having the right to direct him to do that work, cannot be defeated by plaintiff's mere contributory negligence.

2. SAME. *Scope of employment.*

   Where a railway brakeman offered to adjust couplings between cars standing in the yard of his master, the railway company, and proceeded to do so by order of the master's foreman, having the right to direct his services, he was acting within the scope of his employment while complying with the order.

.3. SAME.  *Rules.   Construction.*

> A rule of a railway company prohibiting employes from making
> couplings by going in between cars when trains are in motion,
> or when an engine is attached to either of the sections to be
> coupled, is not applicable to a coupling of standing cars, not con-
> nected with cars attached to an engine.

FROM the circuit court of Lowndes county.

HON. ROBERT F. COCHRAN, Judge.

Driver, appellant, was plaintiff in the court below; the railway company, appellee, was defendant there.   From a judgment in defendant's favor, predicated of a peremptory instruction, plaintiff appealed to the supreme court.

Plaintiff received the injury, for which he sued, while adjusting the coupling apparatus of a car, to which others were to be fastened.   He was a brakeman in the employ of the railway company, and just before the time for the departure of a train, then being made up in the yards, he was ordered to adjust the coupling, the order being given by the engine foreman, whose duties, among others, were to control the making up of the trains in the yards.   The two cars, the couplers of which he was adjusting at the time of the accident, were standing still, and he was in the act of pushing the knuckles on one of the couplers into place, when, without warning, another car was switched against those which he was coupling, and his foot was crushed off.   Plaintiff claimed that the accident was the result of a kicking switch made by others, and that it was negligence on the part of the company to switch a car against those between which he was at work without warning him, or without waiting until he came from between them.   The defense claimed that no kicking switch was made, but that the engine backed another car up to those beween which plaintiff was standing.   On this point the evidence was conflicting.   Defendant further claimed that plaintiff was a volunteer, and not acting in the discharge of the duties required of him, and that plaintiff acted in violation of the rules and regulations of the company.

*William Baldwin,* for appellant.

The rule of the company number ten was in no way being violated by appellant when he received his injury.

The rule is not hard to understand, its meaning is plain. It provides that employees must not undertake the dangerous thing of going between cars to make a coupling when the train is in motion.

It provides further, that employes must not go between the cars to adjust a coupling when the engine is attached to either of the sections to be coupled; and the reason of that proposition is clear, that is, that while the train may not be in motion so as to catch the employee, yet the engine being attached to one of the sections to be coupled, is liable to move any time and catch the brakeman. It is clear beyond reason that this rule cannot apply except in the two conditions named either (1st) when the train is in motion, or, (2nd) when engine is attached to one of the sections to be coupled. And it is clear from the undenied testimony that neither condition existed. On the contrary the two sections where appellant was fixing the knuckle, in obedience to order of engine foreman, were off on a siding, and between these two sections and the engine was still another detached string of cars, and still further off on the main line, disconnected from all these and on a different track, was the engine stationary. It will thus be observed what an unfair thing it is to charge appellant with violation of the rule.

There can be no question about the fact that appellant was injured by "a kicking switch" made by others in the corporate limits of a municipality, Columbus, Mississippi.

And if so his right of recovery is clear unless he was guilty of some voluntary, deliberate, wilful and reckless exposure of himself in danger. Code 1906, § 4046; *Railway Co. v. Jones,* 73 Miss. 110, 19 South. 110; *Dooley v. Railroad,* 69 Miss. 648, 12 South. 956.

*Catchings & Catchings,* for appellee.

Counsel for appellant states that the injury was received by a kicking switch made in the corporate limits of the city of

Columbus, and that under Code 1906, § 4056, the company is liable even if the appelant was guilty of contributory negligence. Counsel is mistaken in saying that this injury resulted from a kicking switch. The testimony shows that the engine with a string of cars fastened to it, was being backed against the two cars between which the appellant's foot was mashed, for the purpose of fastening to them and taking them off to Greenville. In the preliminary work in the yard some switching had been done and some cars cut loose and kicked. All of that, however, was over, and nothing was left except to pick up these cars and attach them to the train and pull out for Greenville. There was no switching or kicking going on at the time the injury occurred. It was a simple case of backing the other part of the train down to couple on to these cars.

The appellant received his injuries by directly violating Rule 10 prescribed by the Southern Railway Company.

"If anything connected with the coupling apparatus, cars or track be defective or out of order, making the coupling or uncoupling more difficult or dangerous than ordinary, the employee must not attempt to make the coupling or uncoupling, or to remedy the defect or difficulty, but must immediately upon discovery report the same to the conductor or other superior officer of the train."

When Driver discovered that the coupling apparatus would not work as it was intended to, by the pressure of his hands, it was his duty to desist from trying to make the coupling apparatus work, and report it to the conductor or engine foreman who was engaged in the work of making up the train. He, therefore, brought on his trouble by his own wilful violation of the rule. The case of *Rush v. Railroad,* 71 Miss. 987, 15 South. 133, is conclusive upon this proposition.

WHITFIELD, C. J., delivered the opinion of the court.

The record in this case is exceedingly confused; but, as we understand it, the injury to the appellant was caused by a kick-

ing switch. The learned counsel for appellant says this was not contested in the court below. If it was the result of a kicking switch, then, under Code 1906 § 4046, contributory negligence would be no defense since there was no such deliberate and reckless and voluntary exposure of the appellant to injury as would cut off his right to recover, under *Railway Co. v. Jones,* 73 Miss. 110, 19 South. 105, 55 Am. St. Rep. 488, and *Dooley v. Railroad Co.,* 69 Miss. 648, 12 South. 956. The appellant was not a volunteer, in the sense contended for by the learned counsel for the appellee. It is true he stated that he would go and make the coupling; but he was regularly in the employ of the railroad company, and under the orders of the engine foreman, who directed him, immediately upon the offer being made to do the work, to go and do it.

If, however, on another trial, the cloudy state of the case should be cleared up, and it should be shown that the injury was not due to a kicking switch, a matter involved in much obscurity at present on this record, still the peremptory charge was improper, since it was given, manifestly, on the idea that rule ten of the railroad company's rules cut off appellant's right. We think this is an entire misconception of the true purpose and object of this rule. That rule, as set out in its entirety, is as follows: "In coupling or uncoupling cars or air hose, employees are positivley prohibited from going between the cars while either car is in motion. They are also prohibited from going between the cars while an engine is attached to either for any other purpose than to adjust for a coupling the knuckle upon the car farthest from the engine, or to couple the air hose, and then only when the cars are stationary and the knuckle can be adjusted in the ordinary way, by raising the lever with one hand and opening or closing the knuckle with the other. If anything connected with the coupling apparatus, cars, or track be defective or out of order, making the coupling or uncoupling more difficult or dangerous than ordinary, the employee must not attempt to make the coupling or uncoupling,

or to remedy the defect or difficulty, but must immediately upon discovery report the same to the conductor or other superior officer in charge of the train. Conductors and yard foremen are required to see that trainmen and yardmen do not violate these instructions; and they shall require each brakeman on their train to read these instructions in their presence, and whenever these instructions are violated the conductor or yard foreman must be able to establish the fact that the brakeman in fault violated the instructions positively against his orders."

The whole rule must be taken together. The engine here was not attached to the train. The train was being made up on a siding in several different sections, not coupled together. The rule provides that employees must not make couplings by going in between cars when trains are in motion, and that, when the engine is attached to either of the sections to be coupled, employees must not go between the cars to adjust for a coupling. This train was not in motion when this coupling was attempted. The two cars, between which the coupling was attempted to be effected, were not connected with the cars which were attached to the engine, nor was the engine in motion at the time, nor is there any evidence in this record of a satisfactory character that the appellant knew of this rule ten at all, if it had been applicable; but it seems to us clear that it was not at all applicable under the facts of the case.

We say nothing more than this, and make no further comment on the case made by the testimony, since it must be tried again; but, for the errors indicated, the judgment is reversed and the cause remanded.

*Reversed.*